UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

UNITED STATES ASSOCIATION
OF REPTILE KEEPERS, INC.
P.O. Box 181
Jasper, IN 47547

     Plaintiff,

  v.

DOUG BURGUM, in his official capacity
as Secretary of the Interior
1849 C Street, NW
Washington, DC 20240;

UNITED STATES FISH AND WILDLIFE SERVICE
1849 C Street, NW
Washington, DC 20240;

     Defendants.
_____/

Civil Action No. 1:26-cv-1681

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff, United States Association of Reptile Keepers, Inc., by and through undersigned counsel, files this Complaint for Declaratory and Injunctive Relief, and in support thereof, alleges as follows:

**INTRODUCTION**

1) Plaintiff United States Association of Reptile Keepers, Inc. ("USARK") challenges the failure of Secretary of the Interior Doug Burgum and the United States Fish and Wildlife Service (collectively, "the Service" or "Defendants") to comply with the nondiscretionary deadlines set forth in the Endangered Species Act ("ESA"), 16 U.S.C. §§ 1531–1544, requiring the Service to issue 90-day findings on Plaintiff's petitions seeking designation and simultaneous delisting of non-listed Distinct Population Segments ("DPSs") for

1

United States captive populations of the aquatic box turtle (*Terrapene coahuila*), Jamaican boa (*Epicrates subflavus*), radiated tortoise (*Astrochelys radiata*), spotted pond turtle (*Geoclemys hamiltonii*), broad-snouted caiman (*Caiman latirostris*), and Egyptian tortoise (*Testudo kleinmanni*), pursuant to 16 U.S.C. § 1533(b)(3)(A).

2) By failing to fulfill this statutory mandate, Defendants are in violation of the ESA.

3) Plaintiff submitted six petitions requesting designation and simultaneous delisting of non-listed Distinct Population Segments ("DPSs") consisting of captive specimens located within the territorial boundaries of the United States for the following species:

a) aquatic box turtle (*Terrapene coahuila*);

b) Jamaican boa (*Epicrates subflavus*);

c) radiated tortoise (*Astrochelys radiata);*

d) spotted pond turtle (*Geoclemys hamiltonii*);

e) broad-snouted caiman (*Caiman latirostris*); and

f) Egyptian tortoise (*Testudo kleinmanni*).

4) The ESA requires Defendants, "within 90 days after receiving a petition," to determine whether the petition presents substantial scientific or commercial information indicating that the petitioned action may be warranted. 16 U.S.C. § 1533(b)(3)(A).

5) Defendants failed to make the required findings within the statutory deadlines and have failed to publish any findings in the Federal Register.

6) Defendants have also failed to publish the petitions on the United States Fish and Wildlife Service's Environmental Conservation Online System ("ECOS") petitions webpage.[1]

---

[1] *Environmental Conservation Online System, Petitions Received Table*, U.S. Fish & Wildlife Serv., https://ecos.fws.gov/ecp/report/table/petitions-received.html (last visited May 12, 2026).

7) Defendants' failures constitute ongoing violations of nondiscretionary duties imposed by the ESA.

8) Through this complaint, Plaintiff seeks a declaratory judgment and injunctive relief to compel the Service to issue overdue 90-day findings within a reasonable time, as well as fees and costs associated with this litigation.

## JURISDICTION

9) This Court has subject matter jurisdiction over this action pursuant to 16 U.S.C. § 1540(c) and (g) (actions arising under the ESA) and 28 U.S.C. § 1331 (actions arising under the laws of the United States).

10) This action is brought under the ESA, 16 U.S.C. §§ 1531–1544, and the requested relief is authorized under 16 U.S.C. § 1540(g) (ESA), 28 U.S.C. §§2201-02 (the Declaratory Judgment Act), 28 U.S.C. §1651 (the All Writs Act), and the Court's equitable powers.

11) The ESA provides a waiver of the federal government's sovereign immunity. 16 U.S.C. § 1540(g).

## VENUE

12) Venue is proper in the United States District Court for the District of Columbia under 28 U.S.C. § 1391(e)(1) because Defendants reside in this district and because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

13) The United States Association of Reptile Keepers (USARK) is a national 501(c)(6) non-profit membership organization dedicated to advocating for the responsible keeping, breeding, and conservation of reptiles and amphibians. USARK's members include

3

reptile keepers, breeders, zoological institutions, veterinarians, scientists, educators, and related businesses located throughout the United States.

14) USARK's membership includes individuals who currently possess aquatic box turtles (*Terrapene coahuila*), Jamaican boas (*Epicrates subflavus*), radiated tortoises (*Astrochelys radiata*), spotted pond turtles (*Geoclemys hamiltonii*), broad-snouted caimans (*Caiman latirostris*), and Egyptian tortoises *(Testudo kleinmanni*), as well as members who would lawfully acquire, breed, transfer, conserve, or otherwise work with these species but for the restrictions imposed by their continued listing under the Endangered Species Act ("ESA").

15) USARK submitted petitions requesting designation and simultaneous delisting of non-listed Distinct Population Segments ("DPSs") consisting of United States captive populations of these species.

   a) The Service has failed to issue the mandatory 90-day findings required by 16 U.S.C. § 1533(b)(3)(A) for each of Plaintiff's petitions.

   b) The failure of the Service to process and evaluate Plaintiff's petitions within the mandatory statutory deadlines has resulted in the continued application of regulatory restrictions affecting United States captive populations that are unsupported by current biological and conservation data.

   c) These restrictions impose concrete economic, operational, and logistical burdens on USARK members, including restrictions on interstate commerce, possession, transfer, and captive breeding of sustainable domestic assurance populations.

4

d)    As a result, USARK and its members have been injured and continue to be injured by Defendants' failure to timely process Plaintiff's petitions and determine whether the requested DPS designations and delistings may be warranted.

e)    USARK and its members therefore have a direct and substantial interest in ensuring that Defendants comply with the mandatory requirements and deadlines imposed by the ESA.

16)    Defendant Doug Burgum is sued in his official capacity as Secretary of the United States Department of the Interior. In his official capacity, Congress has delegated to the Secretary responsibility for the implementation and administration of the Endangered Species Act (ESA). The Secretary's responsibilities include administering the ESA for the benefit of listed species and the public, which includes ensuring compliance with the mandatory statutory deadlines set forth in 16 U.S.C. § 1533(b)(3)(A).

17)    Defendant United States Fish and Wildlife Service (USFWS) is a federal agency within the United States Department of the Interior and has been delegated authority to administer and implement the ESA, 50 C.F.R. § 402.01, including responsibility for reviewing petitions submitted pursuant to 16 U.S.C. § 1533 and issuing the required 90-day findings within the time prescribed by statute.

**EXHAUSTION OF REMEDIES**

18)    Plaintiff sent formal notices to Defendants of its intent to file suit under the ESA, more than 60 days prior to filing this Complaint, consistent with the ESA's statutory requirements. 16 U.S.C. § 1540(g)(2).

19)    Plaintiff has exhausted all available administrative remedies. There is no administrative, statutory, or regulatory remedy available to address the violations at issue, and no

5

alternative avenue for review under the Endangered Species Act or the Code of Federal Regulations applicable to Plaintiff's claims.

20) Defendants have not remedied their continuing ESA violations as of the date of this Complaint. Therefore, an actual controversy exists between the Parties under 28 U.S.C. § 2201.

## LEGAL FRAMEWORK

21) Congress enacted the ESA to provide "a program for the conservation of endangered species and threatened species, and to take such steps as may be appropriate to achieve the purposes of the treaties and conventions" to which the United States is a party. 16 U.S.C. § 1531(b).

22) As part of this statutory program, Defendants are authorized to list a species as endangered or threatened if it meets one or more of the factors set forth in the ESA. 16 U.S.C. § 1533(a)(1)(A)–(E). Those factors are:

a)   the present or threatened destruction, modification, or curtailment of the species' habitat or range;

b)   overutilization for commercial, recreational, scientific, or educational purposes;

c)   disease or predation;

d)   the inadequacy of existing regulatory mechanisms; or

e)   other natural or manmade factors affecting the species' continued existence.

20) In making listing determinations, the Secretary is required to act "solely on the basis of the best scientific and commercial data available" after conducting a review of the status of the species and taking into account conservation efforts undertaken by States or foreign nations to protect the species. 16 U.S.C. § 1533(b)(1)(A).

6

21) The Secretary is required to publish in the Federal Register a list of all species determined to be endangered species and a list of all species determined to be threatened species. 16 U.S.C. § 1533(c)(1).

22) The ESA authorizes interested persons to petition the Secretary of the Interior to add species to, remove species from, or otherwise revise the Lists of Endangered and Threatened Wildlife and Plants. 16 U.S.C. § 1533(b)(3)(A).

23) The ESA defines the term "species" to include "any subspecies of fish or wildlife or plants, and any distinct population segment of any species of vertebrate fish or wildlife which interbreeds when mature." 16 U.S.C. § 1532(16).

24) The ESA therefore authorizes the Service to designate distinct population segments ("DPSs") of vertebrate fish or wildlife as endangered or threatened species.

25) The Service has long recognized that a DPS may be defined by international governmental boundaries within which differences in control of exploitation, management of habitat, conservation status, or regulatory mechanisms exist.

26) The Service has previously established DPSs along international territorial boundaries for species including for the broad-snouted caiman (*Caiman latirostris*) and argali (*Ovis ammon*), based on differing management regimes and regulatory mechanisms among sovereign nations.

27) Plaintiff's petitions requesting the recognition and delisting of DPSs consisting of captive populations located within the international territorial boundaries of the United States constitute valid petitions to revise the Lists of Endangered and Threatened Wildlife and Plants under the ESA.

28) The filing of a valid petition under 16 U.S.C. § 1533(b)(3)(A) triggers the Secretary's mandatory and nondiscretionary duty to make an initial finding within 90 days as to whether the petition "presents substantial scientific or commercial information indicating that the petitioned action may be warranted."

29) If the Service determines that the petition presents substantial scientific or commercial information indicating that the petitioned action may be warranted, the Service must promptly commence a review of the status of the species concerned. 16 U.S.C. § 1533(b)(3)(A).

30) The ESA authorizes any person to commence a civil suit to compel the Secretary to perform any act or duty under 16 U.S.C. § 1533 that is not discretionary. 16 U.S.C. § 1540(g)(1)(C).

## FACTUAL ALLEGATIONS

31) On September 3, 2025, Plaintiff submitted a petition requesting designation and delisting of a non-listed DPS for United States captive populations of the radiated tortoise (*Astrochelys radiata*). Exh. A.

32) The statutory 90-day deadline expired December 2, 2025.

33) On September 24, 2025, Plaintiff submitted a petition requesting designation and delisting of a non-listed DPS for United States captive populations of the aquatic box turtle (*Terrapene coahuila*). Exh. B.

34) The statutory 90-day deadline expired December 23, 2025.

35) On September 24, 2025, Plaintiff submitted a petition requesting designation and delisting of a non-listed DPS for United States captive populations of the spotted pond turtle (*Geoclemys hamiltonii*). Exh. C.

8

36)    The statutory 90-day deadline expired December 23, 2025.

37)    On September 29, 2025, Plaintiff submitted a petition requesting designation and delisting of a non-listed DPS for captive-bred U.S. populations of the Jamaican boa (*Epicrates subflavus*). Exh. D.

38)    The statutory 90-day deadline expired December 28, 2025.

39)    On November 13, 2025, Plaintiff submitted a petition requesting designation and delisting of non-listed DPSs for United States captive populations of the broad-snouted caiman (*Caiman latirostris*). Exh. E.

40)    The statutory 90-day deadline expired February 11, 2026.

41)    On November 13, 2025, Plaintiff submitted a petition requesting designation and delisting of non-listed DPSs for United States captive populations of the Egyptian tortoise (*Testudo kleinmanni*).  Exh. F.

42)    The statutory 90-day deadline expired February 11, 2026.

43)    Defendants have failed to issue the required 90-day findings for any of the six petitions.

44)    Despite confirmation that Defendants received each of Plaintiff's six petitions, none of the petitions have been published on the United States Fish and Wildlife Service's Environmental Conservation Online System ("ECOS") petitions webpage.[2]

45)    Upon information and belief, petitions submitted to the Service after Plaintiff's petitions have been posted on the ECOS petitions webpage.

46)    Defendants have failed to publish any findings in the Federal Register relating to the Plaintiff's petitions.

---

[2] *Environmental Conservation Online System, Petitions Received Table*, U.S. Fish & Wildlife Serv., https://ecos.fws.gov/ecp/report/table/petitions-received.html (last visited May 12, 2026).

47)    Plaintiff served a Notice of Intent to Sue pursuant to 16 U.S.C. § 1540(g)(2)(C) regarding the radiated tortoise (*Astrochelys radiata*) petition on January 12, 2026. Exh. A.

48)    The sixty-day notice period expired on March 13, 2026.

49)    Plaintiff served a Notice of Intent to Sue pursuant to 16 U.S.C. § 1540(g)(2)(C) regarding the aquatic box turtle (*Terrapene coahuila*) petition on January 12, 2026. Exh. B.

50)    The sixty-day notice period expired on March 13, 2026.

51)    Plaintiff served a Notice of Intent to Sue pursuant to 16 U.S.C. § 1540(g)(2)(C) regarding the spotted pond turtle (*Geoclemys hamiltonii*) petition on January 12, 2026. Exh. C.

52)    The sixty-day notice period expired on March 13, 2026.

53)    Plaintiff served a Notice of Intent to Sue pursuant to 16 U.S.C. § 1540(g)(2)(C) regarding the Jamaican boa (*Epicrates subflavus*) petition on January 12, 2026. Exh. D.

54)    The sixty-day notice period expired on March 13, 2026.

55)    Plaintiff served a Notice of Intent to Sue pursuant to 16 U.S.C. § 1540(g)(2)(C) regarding the broad-snouted caiman (*Caiman latirostris*) petition on February 17, 2026. Exh. E.

56)    The sixty-day notice period expired on April 18, 2026.

57)    Plaintiff served a Notice of Intent to Sue pursuant to 16 U.S.C. § 1540(g)(2)(C) regarding the Egyptian tortoise (*Testudo kleinmanni*) petition on February 17, 2026. Exh. F.

58)    The sixty-day notice period expired on April 18, 2026.

59)    Defendants have not cured the violations.

### CLAIM FOR RELIEF
### Violation of the Endangered Species Act

60)    Plaintiff re-alleges and incorporates by reference the allegations contained in this Complaint as though fully set forth herein.

10

61) The ESA requires the Service, "[t]o the maximum extent practicable, within 90 days after receiving the petition," to make a finding as to whether a petition to revise the Lists of Endangered and Threatened Wildlife and Plants "presents substantial scientific or commercial information indicating that the petitioned action may be warranted." 16 U.S.C. § 1533(b)(3)(A).

62) Plaintiff submitted petitions requesting the recognition and delisting of DPSs consisting of captive populations located within the international territorial boundaries of the United States.

63) More than 90 days have passed since the Service received Plaintiff's petition, and the Service has failed to publish the required 90-day finding in the Federal Register.

64) Defendants have violated their mandatory and nondiscretionary duty under the ESA, 16 U.S.C. § 1533(b)(3)(A), by failing to make and publish a timely 90-day finding regarding Plaintiff's petition.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in its favor and grant the following relief:

A. Declare that Defendants have violated and continue to violate the ESA, 16 U.S.C. § 1533(b)(3)(A), by failing to make and publish a timely 90-day finding on Plaintiff's petitions;

B. Order Defendants to make and publish the required 90-day finding within 90 days;

C. Award Plaintiff its attorneys' fees and costs in this action pursuant to 16 U.S.C. § 1540(g)(4);

11

D.    Retain continuing jurisdiction to review Defendants' compliance with the Court's orders;

E.    Award of reasonable attorney and expert witness fees and costs pursuant to 16 U.S.C. §

1540(g)(4);

F.    Award of reasonable attorney and expert witness fees and costs pursuant to 28 U.S.C. §

2412;

G.    Such other and further relief as the Court deems just and proper under the circumstances.


Dated: May 15, 2026                          /s/ David A. Garcia
                                             DAVID A. GARCIA
                                             Fla. Bar No. 1015673
                                             DC Bar ID: FL00157
                                             David Garcia, P.A.
                                             739 Washington Ave., Suite 909
                                             Homestead, FL 33030-9998
                                             Office: (305) 319-1309
                                             Dir. 786-553-5430
                                             Email: david@davidgaricalaw.com

                                             *Counsel for Plaintiff*

12